IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE CRAWFORD,

    Petitioner,                    No. 2:13-cv-1394 DAD P

    vs.

GARY SWARTHOUT, Warden,      ORDER AND

    Respondent.               FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee for this action. Petitioner challenges a November 2012 decision by California Governor Edmund G. Brown, Jr. to reverse a decision of California Board of Parole Hearings (hereinafter "Board") granting petitioner parole. Petitioner, relying exclusively on state law, contends that the Governor's decision to deny him release on parole "violates due process under 5011(b)." (Petition filed July 12, 2013 (ECF No. 1), at 12.) Petitioner contends that the Governor improperly relied on petitioner's denial of his commitment offense in violation of California Penal Code § 5011(b) and that none of other reasons given for the denial support the decision "because the Governor relied on factual inaccuracies and evidence with no connection to [petitioner]'s current dangerousness." Id. at 29.

/////

1

Federal "[h]abeas corpus relief is 'unavailable for alleged error in the interpretation or application of state law.'" Windham v. Merkle, 163 F.3d 1092, 1107 (9th Cir. 1998) (quoting Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)). Here, petitioner's claims are based entirely on alleged errors in the interpretation and application of state law and are not cognizable in this federal habeas corpus action.[1]

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. It is plain from the petition and the attachments thereto that petitioner is not entitled to relief in this action. Accordingly, the action should be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. See also Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board). A certificate of appealability may

---

[1] Nor would reliance on the federal due process clause aid petitioner here. The federal due process clause does not require the correct application of California's 'some evidence' requirement and federal habeas corpus relief is therefore not available even where a state court errs in applying the state's "some evidence" standard. Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011); see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a federal constitutional right. Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that:

1. This action be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254; and

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
craw13cv1394.dm